UNITED STATES DISTRICH COURT
SOUTHERN DISTRICT OF NEW YORK

6/16/18

-------------------------------------------------------------------------x

MIGUEL DE CASTRO

Plaintiff

Against

VERIFIED
COMPLAINT

THE CITY OF NEW YORK, POLICE DEPARTMENT
OF THE CITY OF NEW YORK, POLICE OFFICER
CARMELO FLORES, POLICE OFFICER JOEL
MARTINEZ, POIICE OFFICER LARRY JIMENEZ,
AND "JOHN DOE" POLICE OFFICERS,

Defendants.

-------------------------------------------------------------------------x

Plaintiff, **MIGUEL DE CASTRO**, by his attorney, RAYMOND J. AAB, as and for his Complaint herein, alleges upon information and belief, that on August 16, 2015 the defendant police officers deprived **MIGUEL DE CASTRO** of his civil rights in that they falsely arrested and thereafter maliciously prosecuted **MIGUEL DE CASTRO** for driving while intoxicated in the vicinity of Washington Avenue and Claremont Parkway, County of Bronx, City and State of New York, in violation of §1192(1) of the New York Vehicle & Traffic Law (VTL):

1. At all times relevant hereto, Defendant **CITY OF NEW YORK** is a municipality existing under and by virtue of the laws of the State of New York.

2. At all times relevant hereto, defendant **CITY OF NEW YORK** operated, maintained, managed, supervised and controlled the New York City Police Department (NYPD) as part of and in conjunction with its municipal functions.

3.      At all times relevant hereto, Defendant **CARMELO FLORES** is employed as a police officer by the NYPD.

4.      At all times relevant hereto, Defendant **P.O. LARRY JIMENEZ,** was employed as a police officer by the NYPD.

5.      At all times relevant hereto, Defendant **Police Officer "John Doe"** was employed as a police officer by the NYPD.

6.      The Plaintiff **MIGUEL DE CASTRO** is a resident of Bronx County.

## FIRST CAUSE OF ACTION:
## (VIOLATION OF PLAINTIFF'S CIVIL RIGHTS)

7.      The preceding paragraphs are included hereat and made a part hereof.

8.      At all times relevant hereto, defendant **CITY OF NEW YORK** employed the Defendants Police Officers **CARMELO FLORES, LARRY JIMENEZ and JOEL MARTINEZ** as a police officers in the NYPD.

9.      The Defendants **CARMELO FLORES, LARRY MARTINEZ and JOEL MARTINEZ** are graduates of the NYPD's Police Academy of the City of New York.

10.     In addition, the defendant **CITY OF NEW YORK** had the duty to competently and sufficiently hire, train and retain within the Police Academy and at the Command, Precinct and Patrol levels, the Defendant officers to conform their conduct to a standard, established by law, for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens such as the plaintiff herein.

11.     Each and all of the acts of the Defendants alleged herein were done by the defendants, their agents, servants and/or employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Bronx, and under the authority of their office as police officers of said State, City and County.

12.     The Defendant **CITY OF NEW YORK** failed to competently and sufficiently hire, train and retain the defendant officers to conform and conduct themselves in accord with statutes established by law for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as the plaintiff herein.

13.     On October 16, 2015 and prior and subsequent thereto the **CITY OF NEW YORK** in violation of 42 U.S.C.§1983 caused the plaintiff to be injured and damaged in failing to competently hire, train and retain police officers, including but not limited to the defendant officers, to conform and conduct themselves to conform with a statute established by law for the protection of citizens, such as plaintiff, against unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiff herein.

14.     On October 16, 2015 the plaintiff **MIGUEL DE CASTRO** was lawfully and properly operating a 2004 Honda motor vehicle in the vicinity of Washington Avenue and Claremont Parkway, Bronx, N.Y. when a NYPD radio motor patrol car operated at an excessive speed by **P.O. CARMELO FLORES** passed a red light and collided with the Plaintiff's vehicle (the "Accident"), causing the plaintiff injuries and damage to his vehicle.

3

15.     In a criminal complaint filed under Bronx Criminal Court Docket Number 2015 BX 038674 signed by **P.O. LARRY JIMENEZ** on information from **P.O. JOEL MARTINEZ,** the Defendants wrongfully, unlawfully and in violation of the Plaintiff's civil rights, falsely charged and caused **MIGUEL DE CASTRO** to be prosecuted for driving while intoxicated in violation of §1192 of the VTL.

16.     The Plaintiff in fact was not then intoxicated nor under the influence of drugs as the police wrongfully charged.

17.     Following the Accident, the Plaintiff was removed by ambulance to a nearby hospital where the hospital's staff took a blood sample from the Plaintiff.  The results of the blood test was that the Plaintiff had no alcohol or drugs in is blood and that he was not intoxicated.

18.     On about April 27, 2017 the criminal charges against **MIGUEL DE CASTRO** were dismissed following a motion by the District Attorney to dismiss the case because, as stated by the Assistant district Attorney: the "People will be unable to sustain our burden of proof at trial."

19.     On April 27, 2017 the Honorable Bahaati Pitt dismissed the case, stating: "Based on the People's representation, this matter is dismissed and sealed."  Appended hereto as **Exhibit "A"** are the transcripts evidencing the District Attorney's motion to dismiss and the Court's dismissal of the charges.

20.     The offending police officers falsely and wrongfully charged and they falsely testified and prosecuted the Plaintiff for driving while intoxicated.

21.     The aforementioned Defendants, their agents, servants and employees falsely arrested, imprisoned **MIGUEL DE CASTRO** and caused him to be maliciously prosecuted and deprived **MIGUEL DE CASTRO** of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York.

22. The false arrest, imprisonment and malicious prosecution of the Plaintiff **MIGUEL DE CASTRO** was caused by all of the Defendants, their servants, agents and/or employees, without warrant, authority of law, or any reasonable cause or belief that he was, in fact, guilty of the crimes with which he was charged.

23. As a result of the aforesaid arrest, Plaintiff **MIGUEL DE CASTRO** was forcibly hand-cuffed, detained, transported and treated as a common criminal and incarcerated and imprisoned at various facilities owned, operated, maintained and controlled by the defendant **CITY OF NEW YORK** and thereby deprived of his rights, liberties and freedoms under color of State Law in violation of 42 U.S.C. §1983.

24. As a further result of the deprivation of Plaintiff **MIGUEL DE CASTRO's** right to be free from the deprivation of rights guaranteed to him by the Fourteenth Amendment to the United States Constitution, he was caused to suffer nervous shock and emotional distress.

25. On or about August 16, 2015 in violation of the rights, privileges and immunities guaranteed to him under the Fourteenth Amendment to the United States Constitution and under color of State law, the Defendant officers and each of them acting individually and in concert, in violation of 42 U.S.C. Section §1983, while on duty, detained, arrested and caused MIGUEL DE CASTRO to be prosecuted  even though the defendants knew or should have known that **MIGUEL DE CASTRO** was wholly innocent.

26. That all of the actions of the Defendants, their agents, servants and/or employees were committed with the intention to injure the Plaintiff; that they arrested, restrained, imprisoned and prosecuted the Plaintiff without his consent; that the Plaintiff was at all times innocent and did not consent to the

false arrest, imprisonment and prosecution and that the the Defendants' conduct was not otherwise privileged.

27.    The arrest, imprisonment and prosecution of the Plaintiff were negligent and reckless and were not justified by probable cause or other legal privilege and the Defendants, their agents, servants and/or employees acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York,and under the authority of their office as police officers for the CITY OF NEW YORK, falsely charged the plaintiff with violating VTL §1192 although the defendants, acting in such capacity, knew that such charges were false.

28.    Upon information and belief, the Defendants falsely charged **MIGUEL DE CASTRO** with driving while intoxicated because the officers themselves were at fault and negligently drove their vehicle and caused the Accident; and, that the Defendants falsely charged **MIGUEL DE CASTRO** with driving while intoxicated in order that blame and fault for the Accident was shifted and wrongfully placed on **MIGUEL DE CASTRO** instead of themselves.

29.    That the said prosecution and criminal charges and hearings instituted and procured by the Defendants, their agents, servants and/or employees were unlawful and malicious and without any reasonable or probable cause whatsoever; that the commencement and/or continuation of the criminal proceedings by the Defendants against the Plaintiff was without probable cause, reckless, with actual malice,  and was terminated in favor of the Plaintiff.

30.    That the Plaintiff was and is wholly innocent, and was forced by the Defendants to undergo court proceedings for more than one year until the charges against him were ultimately withdrawn by the District Attorney and dismissed by the Court.

6

31.    The Defendants, their agents, servants and/or employees, falsely and maliciously and without probable cause or provocation charged the Plaintiff with crimes under New York VTL §1192.  The defendant police officers acting in the performance of their employment and within the scope of their authority testified falsely and withheld vital information before the District Attorney and a Judge of the Criminal Court of the City of New York, County of Bronx.

32.    Upon information and belief, the Defendants acted wrongfully when they charged **MIGUEL DE CASTRO** with driving while intoxicated in order to divert blame for the Accident from themselves to **MIGUEL DE CASTRO,** while knowing that the Defendants, in a police vehicle operated in the course of his employment by **P.O. CARMELO FLORES,** caused the Accident and that **MIGUEL DE CASTRO** was neither intoxicated nor the cause of the Accident.

33.    That the said prosecution and criminal charges and hearings were instituted and procured by the Defendants, their agents, servants and/or employees unlawfully and maliciously and without any reasonable or probable cause whatsoever; that the commencement and/or continuation of the criminal proceedings by the Defendants against the Plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

34.    That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending, and in fear of being deprived of attending his usual business and vocation as a truck and taxi driver, was injured in his reputation in the community and has been otherwise damaged.

35.     That the Plaintiff **MIGUEL DE CASTRO** did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C §1983, and the Constitution of the State of New York.

36.     That at all times hereinafter mentioned, the defendant police officers were employed in their respective capacities by the Defendant CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the CITY OF NEW YORK.

37.     Although Defendants knew or should have known that this pattern of conduct was carried out by their agents, servants and/or employees, the defendant **CITY OF NEW YORK** and **NEW YORK CITY POLICE DEPARTMENT** have not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

38.     The superiors of the police officer defendants, and the management of the NYPD engaged in a pattern and policy of failing to adequately investigate wrong doing by police officers, including officers falsely testifying and falsely reporting accidents so that liability against the Defendants would be avoided.

39.     In the instant case, although the District Attorney withdrew prosecution of **MIGUEL DECASTRO**, apparently because the District Attorney doubted the credibility of the involved police officers, the management of the NYPD declined to take any punitive or corrective action with regard to the defendant officers.

40.   The Defendants and the policymakers of the NYPD knew to a moral certainty that NYPD officers would falsely charge and falsely trestify so as to avoid liabilioty to themselves and to the City of New York.

41.   The superiors of the defendant officers failed to provide special training to police officers related to avoiding accidents; properly charging and investigating accidents; and properly and honestly reporting and testifying.

42.   Because NYPD officers are involved in auto accidents in the course of their employment and they prepare accident reports and testify before courts concerning the accidents, the Defendants are on notice of the risks attendant to the involved officers seeking to deflect responsibilty from themselves and from the NYPD and City of New York by casting blame for the accident on another civilian involved in the accident, although fault rests with the officer.

43.   The Defendant **CITY OF NEW YORK** was reckless and negligent in its operation, management, supervision and control of their Police Department; in not providing adequate training of defendant police officers while at the Police Academy; in their supervision of defendant police officers while assigned to precincts; in failing to provide adequate supervision of defendant police officers during their training at the Police Academy.

44.   The defendant police officers were negligent and reckless in failing to use reasonable care in the arrest, detainment, confinement, and prosecution of **MIGUEL DE CASTRO**.

45.   The defendant **P.O. JOEL MARTINEZ** intentionally and with malice wrongfully arrested and maliciously prosecuted the plaintiff, **MIGUEL DE CASTRO**...

46.   The defendant **P.O. LARRY JIMENEZ intentionally and with malice wrongfully participated in the arrest and malicious prosecution of** the Plaintiff, **MIGUEL DE CASTRO**.

47. The defendant **CARMELO FLORES** intentionally and with malice wrongfully participated in the arrest and malicious prosecution of the Plaintiff **MIGUEL DE CASTRO.**

48. Other police officers, whose identities are unknown to Plaintiff at the present time, participated in **MIGUEL DE CASTRO's** wrongful arrest and malicious prosecution, and violation of the Plaintiff's civil rights.

49. That on or about August 16, 2015 and thereafter, in violation of the rights, privileges and immunities guaranteed to him under the Fourteenth Amendment to the United States Constitution and under the color of State law, the Defendants acted individually and in concert causing the plaintiff to have been injured and damaged in an amount exceeding the jurisdictional limit of this Court, to be determined upon the trial of this action.

50. The unlawful and illegal conduct of the Defendants, their agents, servants and/or employees and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:  the right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; the right of Plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and the right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

51.    That by reason of the foregoing, the Plaintiff was severely injured and damaged, sustained nervous shock and mental anguish and emotional upset, has suffered and continues to suffer mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer mental pain, inconvenience and other effects of such injuries; Plaintiff incurred and plaintiff has suffered and in the future will necessarily suffer additional loss of earnings from employment; and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to plaintiff's great damage.

## SECOND CAUSE OF ACTION
## <u>MALICIOUS PROSECUTION</u>

52.    The preceding paragraphs are repeated hereat and incorporated herein.

53.    The Plaintiff timely filed a notice of claim against the City of New York and the defendants in this case, a copy of which is attached hereto as Exhibit "A."

54.    On April 24, 2018 the City of New York held a hearing pursuant to 50(h) of the Municipal Law.at which the Plaintiff appeared and testified.

55.    The Defendants knew or should have known that defendants' allegations by **Police Officers CARMELO FLORES', LARRY JIMENEZ'S and JOEL MARTINEZ'S** and other police officers whose identities are unknown at this time by the Plaintiff, **were** false.

11

56.     Because the Defendants' criminal allegations against **MIGUEL DE CASTRO** were fabricated and untrue, no probable cause existed for the police to have detained, arrested and charged **MIGUEL DE CASTRO** with driving while intoxicated.

57.     As a consequence of the defendants' conduct, **MIGUEL DE CASTRO** underwent criminal prosecution over a period of about two years.

58.     During the time that the criminal case was pending **MIGUEL DE CASTRO** incurred financial losses and suffered emotional distress and anxiety for fear that he might be wrongfully convicted and sentenced to jail for an offense he had not actually committed...

59.     **MIGUEL DE CASTRO** is innocent on the crimes charged against him.

60.     On about April 27, 2017 all criminal charges against **MIGUEL DE CASTRO** were dismissed following the motion by the District Attorney to dismiss the case in which the Assistant District Attorney informed the Court that the "People could not sustain our burden of proof at trial.".

61.     The Defendants **Police Officers LARRY JIMENIZ, JOEL MARTINEZ and CARMELO FLORES,** and others whose identities are unknown to Plaintiff at this time, made the false charges against **MIGUEL DE CASTRO** for purposes other than bringing an offender to justice.

62.     Upon information and belief, the Defendants **LARRY JIMINEZ, CARMELO FLORES AND JOEL MARTINEZ** brought the charges against **MIGUEL DE CASTRO** in order to deflect responsibility for the collision of the

police vehicle driven by **CARMELO FLORES** with the **MIGUEL DE CASTRO's** vehicle, from themselves to **MIGUEL DE CASTRO**.

63.     **O**ther police officers, whose identities are unknown at this time, including those described herein, caused **MIGUEL DE CASTRO** to be arrested and prosecuted for purposes other than to bring **MIGUEL DE CASTRO** to justice.

64.     As a consequence of the Defendants' conduct, **MIGUEL DE CASTRO** suffered emotional distress and injury as described hereinabove, and financial injury related to the defense of the false criminal charges against him.

**WHEREFORE**, Plaintiff demands judgment against the Defendants on each Cause of Action in amounts to be determined upon the trial of this action, punitive damages and attorney fees pursuant to 42 U.S.C.§1988 and State law, the costs and disbursements of this action, interest and such other relief as is appropriate under the law.

Dated:     New York, New York
           July 9, 2018

Yours, etc.

_____
/s/ RAYMOND J. AAB (RA 4195)
Attorneys for Plaintiff
61 Broadway, Suite 2500
New York, N.Y. 10006
Tel.: 917-551-1300

MIGUEL DECASTRO , being duly sworn, deposes and says:

Deponent in the Plaintiff in this action and has read the foregoing complaint, and knows the contents thereof; the same are true to deponent's own knowledge, except to those matters therein alleged upon information and belief, and as to those matters deponent believes them to be true.

/S/ Miguel DeCastro

Sworn to this 5
day of June, 2018

_____
Notary Public

, being duly sworn, deposes and says:

Spanish is my first language and I am fluent in both Spanish and English.

I read in Spanish and translated the attached complaint and verification to Miguel DeCastro, and am fully satisfied that he understands their content.

ALBERTO EBANKS
Notary Public, State of New York
No. 02EB6007788
Qualified in New York County
Commission Expires December 17, 20 20